IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN ROLAN, §<br>    #201901143, §<br>        PETITIONER, §<br> §<br>V. §<br> §<br>DALE S. HANNA, ET AL., §<br>        RESPONDENTS. § | <br><br><br><br>CIVIL CASE NO. 3:22-CV-1691-K-BK<br><br><br> |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Steven Rolan's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

I.   BACKGROUND

Rolan, a state pretrial detainee in the Johnson County Jail, complains of speedy trial violations, lengthy pretrial incarceration, unlawful detention, and denial of bond. Doc. 3 at 2, 5-7. He is awaiting trial on a grand jury indictment charging him with three counts of indecency with a child by sexual contact. *State v. Rolan*, No. DC-F201900770 (249th Dist. Court Johnson Cnty., Tex.). According to the state trial court docket sheet, he has court-appointed counsel on his criminal charges.[1] Rolan states he was arrested on July 18, 2019, and indicted one month

---

[1] The trial court docket sheet is available by entering the case number (DC-F201900770) at https://pa.johnsoncountytx.org/PublicAccess/CaseDetail.aspx?CaseID=1041254 (last accessed Aug. 9, 2022).

later. Doc. 3 at 6. He requests to be released from illegal confinement. Doc. 3 at 7.

In October 2021, Rolan filed a pre-trial *Application for Writ of Habeas Corpus under Article 11.40 of Texas Code of Criminal Procedure*," seeking to be discharged from confinement under articles 7.08 and 7.09 of the Texas Code of Criminal Procedure. Doc. 3 at 7. The trial court denied relief and the Tenth Court of Appeals affirmed. *Ex parte Rolan*, No. 10-21-00276-CR, 2022 WL 481077, at *1 (Tex. App.—Waco Feb. 16, 2022, pet. ref'd). The court of appeals noted that Rolan was arrested on July 18, 2019, bail was set at $125,000, and he was indicted shortly after. *Id.* at *1. The court thus found that, "[b]ecause the offenses, if any, have already occurred, in fact he has already been indicted for the alleged offenses, articles 7.03, 7.08, and 7.09 are not applicable in this proceeding." *Id.* at *2.

Upon review, the Court finds that Rolan has failed to properly exhaust available state court remedies. Therefore, his petition should be dismissed.

**II.   ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[2]

---

[2] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Rolan has not satisfied the exhaustion requirement. A review of his petition confirms that he did not file a state habeas application pursuant to Article 11.08 in the state trial court

raising his speedy trial, unlawful pretrial detention, and bond-denial claims. He filed instead an Article 11.40 application, relying on Articles 7.08 and 7.09, which plainly do not apply to him. *Ex parte Rolan*, No. 10-21-00276-CR, 2022 WL 481077, at *1; *see also* Doc. 3 at 7 (affirming that Rolan filed only an Article 11.40 writ). In January 2022, Rolan also filed a motion for leave to file a writ of prohibition that was denied. *Rolan*, No. WR-93,547-01 (Tex. Crim. App. Mar. 16, 2022). However, a search of online records confirms that no Article 11.08 state habeas application or appeal as ever filed.[3]

### CONCLUSION

The Texas Court of Criminal Appeals has not had an opportunity to consider Rolan's claims and, consequently, they remain unexhausted. Consequently, Rolan's federal habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on August 11, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The Tenth District Court of Appeals and Court of Criminal Appeals docket sheets are available at https://www.txcourts.gov/10thcoa/ and https://www.txcourts.gov/cca/ (last accessed Aug. 9, 2022).

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).